CRAWLEY, Judge,
dissenting.
Whether to grant or to deny a Rule 60(b)(6), Ala.R.Civ.P., motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Killingsworth v. Crittenden, 586 So.2d 908, 905 (Ala.1991).
I dissent, because I believe the majority has failed to employ the abuse-of-discretion standard. Although this court is not authorized to reweigh the evidence, Ex parte Alabama Insurance Guaranty Ass’n, 667 So.2d 97 (Ala.1995), the majority has done just that, as the following comments indicate:
“We do not find the testimony concerning Dr. Oden’s query of his attorney’s competence to be significant enough to refute the supreme court’s previous finding that Dr. Oden was extraordinarily diligent in his efforts to comprehend the logistics of his pending action ‘in spite of his lawyer’s alleged misrepresentations.’ ”
665 So.2d at 949 (emphasis added).
Furthermore, “the supreme court’s previous finding that Dr. Oden was extraordinarily diligent” was not, as the majority suggests, a factual finding. Ex parte Oden, 617 So.2d 1020 (Ala.1992) (Oden II). It was a legal conclusion that the allegations of Dr. Oden’s Rule 60(b) motion, if true, entitled him to relief.
Although the supreme court did not, in Oden II, make a factual finding in this case, the trial court did make the following findings of fact here:
“The Court finds ... that Dr. Oden’s version of his claimed innocent rebanee on representations by [his] attorney, as presented by the Oden affidavit is not fuhy credible.
“First the Court finds that Dr. Oden’s oral testimony substantially diminishes his contention that at ab times prior to November 13, 1989 he remained excusably ignorant of the true status of his claim against the Board and of the adverse action represented by the Final Judgment.”
This court should uphold those findings, because they are supported by a reasonable view of the evidence and they do not indicate an abuse of discretion.